Peter R. Afrasiabi, Esq. (Bar No. 193336)         *Note change made by the Court*
   pafrasiabi@onellp.com
Christopher W. Arledge, Esq. (Bar. No. 200767)
   carledge@onellp.com
Imran F. Vakil (Bar No. 248859)
   ivakil@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
West Tower, Suite 1100
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Facsimile:   (949) 258-5081
*Attorneys for Plaintiff, The Next Solutions, Inc.*
*d/b/a The Next Up and TheNextUp.com*

Curtis R. Tingley (Bar No. 112322)
   ctingley@tingleyllp. Com
Kevin P. O'Brien (Bar No. 215148)
   kobrien@tingleyllp.com
Kevin W. Isaacson (Bar No. 281067)
   kisaacson@tingleyllp.com
**TINGLEY PIONTKOWSKI LLP**
10 Almaden Boulevard, Suite 430
San Jose, California 95113
Telephone: (408) 283-7000
Facsimile: (408) 283-7010
*Attorneys for Defendants, Prosoftware Technologies, LLC,*
*Jatinder "Jay" Khaira, and Qazafi "Kaz" Qureshi*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| THE NEXT SOLUTIONS, INC., a Delaware corporation, d/b/a THE NEXT UP and THENEXTUP.COM,<br><br>   Plaintiff,<br>v.<br>PROSOFTWARE TECHNOLOGIES, LLC, a Washington limited liability company d/b/a SKYUPSYSTEM.COM; JATINDER "JAY" KHAIRA, an individual; QAZAFI "KAZ" QURESHI, an individual; and DOES 1-10, inclusive,<br><br>   Defendants. | Case No. SACV12-02147 BRO (JPR)<br>Hon. Beverly Reid O'Connell<br>Hon. Jean P. Rosenbluth<br><br>**AMENDED STIPULATION AND ORDER RE: PROTECTIVE ORDER** |

**AMENDED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff THE NEXT SOLUTIONS, INC., d/b/a THE NEXT UP and THENEXTUP.COM ("Plaintiff") and Defendants PROSOFTWARE TECHNOLOGIES, LLC, d/b/a SKYUPSYSTEM.COM; JATINDER "JAY" KHAIRA; QAZAFI "KAZ" QURESHI ("Defendants"), through counsel undersigned, jointly submit this Amended Stipulated Protective Order to govern the handling of information and materials produced in the course of discovery or filed with the Court in this action;

## GOOD CAUSE STATEMENT

It is the intent of the parties and the Court that information will not be designated as confidential for tactical reasons in this case and that nothing be so designated without a good faith belief that there is good cause why it should not be part of the public record of this case. Generally, information and documents shall be designated where the Designating Party believes is proprietary, confidential, and/or is trade secret, and which the Designating Party would not publically release. Examples of confidential information that the parties may seek to protect from unrestricted or unprotected disclosure include:

a) Information that is the subject of a non-disclosure or confidentiality agreement or obligation;

b) The names, or other information tending to reveal the identity of a party's supplier, designer, distributor, or customer;

c) Agreements with third-parties, including license agreements, distributor agreements, manufacturing agreements, design agreements, development agreements, supply agreements, sales agreements, or service agreements;

d) Research and development information;

e) Proprietary engineering or technical information, including product design, manufacturing techniques, processing information, drawings, memoranda and reports;

f) Information related to budgets, sales, profits, costs, margins, product pricing, or other internal financial/accounting information, including non-public

   information related to financial condition or performance and income or other non-public tax information;

g) Information related to internal operations including personnel information;

h) Information related to past, current and future product development;

i) Information related to past, current and future market analyses and business and marketing development, including plans, strategies, forecasts and competition; and,

j) Trade secrets (as defined by the jurisdiction in which the information is located).

  Unrestricted or unprotected disclosure of such confidential technical, commercial or personal information would result in prejudice or harm to the producing party by revealing the producing party's competitive confidential information, which has been developed at the expense of the producing party and which represents valuable tangible and intangible assets of that party. Additionally, privacy interests must be safeguarded. Accordingly, the parties respectfully submit that there is good cause for the entry of this Protective Order.

## PROTECTIVE ORDER

1. Definitions.

  **a.** The term "CONFIDENTIAL" shall mean and include documents, portions of documents, answers to interrogatories, responses to requests for admission, depositions, affidavits, expert reports, legal briefs or memoranda, and information derived therefrom that the Designating Party in good faith believes is confidential. Materials designated "CONFIDENTIAL" may include, but is not limited to: corporate and strategic planning, marketing plans, competitive intelligence reports, sales projections and competitive strategy documents, documents that contains the identity of actual or prospective customers, suppliers, distributors of the Designating Party, technical data, research and development data, proprietary or confidential information used by the Designating Party in or pertaining to its trade or business, which information the Designating Party believes in good faith has competitive

value, but which is not generally known to others and which the Designating Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, and information which the Designating Party believes in good faith falls within the right to privacy guaranteed by the laws of the United States or California.  The fact that an item or category is listed as an example in this or other sections of this Protective Order does not, by itself, render the item or category discoverable.

    **b.** The term "ATTORNEYS' EYES ONLY" shall mean and include those documents, portions of documents, answers to interrogatories, responses to requests for admission, depositions, affidavits, expert reports, legal briefs or memoranda, and information derived therefrom which the Designating Party in good faith believes is confidential that, if disclosed to the receiving party, might cause competitive harm to the Designating Party.  Information and material that may be subject to this protection includes, but is not limited to, financial statements, proprietary technical and/or research and development data, documents related to intellectual property in development or which is the subject of a non-public application, financial, marketing and other sales data (such as actual or prospective customer lists, actual or prospective vendor lists, purchase prices, and sales pricing), trade secrets, proprietary items or information, and/or information having strategic commercial value pertaining to the Designating Party's trade or business.  Additionally, relevant documents related to the individual employment or employment related disclosures shall be made pursuant to "ATTORNEYS' EYES ONLY" designation to protect the privacy of these individuals.

2. The term "documents" shall include all material within the meaning of the federal rules of procedure.

3. Each party to this litigation may designate any documents, things, interrogatory answers, deposition testimony, or other information which it has provided or which a third-party has provided as "CONFIDENTIAL" and/or "ATTORNEYS' EYES

ONLY" in accordance with this Protective Order.  The party designating such information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be known as the "Designating Party."  In designating documents or information as "CONFIDENTIAL", the Designating Party's counsel shall make a good faith determination that the information warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure.  Before designating documents or information as "ATTORNEYS' EYES ONLY" the Designating Party's counsel shall make a good faith determination that the information warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure and warrants protection from disclosure to the party receiving the documents or information.

    4.    The term "Counsel" shall mean (i) the attorneys of record and their associates of TINGLEY PIONTKOWSKI LLP for Defendants and (ii) the attorneys of record and their associates of ONE LLP for Plaintiff.  If any of the parties seek to substitute any of the law firms listed in this paragraph with another law firm or to add additional law firms, it shall notify the opposing party of the intended substitution or addition.  The opposing party shall have seven (7) days from the date of notification in which to object to the disclosure of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to the intended substitute or additional law firm.  If objection is timely made, no "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be disclosed to said law firm unless otherwise agreed to by the parties or ordered by the Court.  Prior to disclosure of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the substitute or additional law firm shall acknowledge in writing that it is familiar with and agrees to comply with and be bound by all provisions of this Protective Order.

    5.    All information designated as "CONFIDENTIAL" shall not be disclosed to anyone other than the parties, Counsel, the Court, and the Court's personnel, as well as any experts, consultants, and translators retained by any party for this litigation.  <u>All persons other than Counsel, the parties, the Court, and the Court's personnel</u> in the instant action to whom "CONFIDENTIAL" is disclosed shall read this Protective Order in advance of such

disclosure and agree in writing to be bound by its terms, in accordance with Paragraph 10 of this Protective Order.

"CONFIDENTIAL" shall not be used for any purpose other than as is set forth in Paragraph 20 of this Protective Order unless and until such designation is removed either by agreement of Trial Counsel or by order of the Court.

6. All information designated as "ATTORNEYS' EYES ONLY" shall not be disclosed to anyone other than the Court, the Court's personnel, Counsel, as well as any experts, consultants, and translators retained by any party for this litigation. The experts, consultants, and translators who may view "ATTORNEYS' EYES ONLY" cannot be employees or independent contractors of either Plaintiff or Defendant or any of Plaintiff's or Defendant's subsidiaries or affiliated companies. <u>All persons other than Counsel, the Court, and the Court's personnel</u> in the instant action to whom "ATTORNEYS' EYES ONLY" is disclosed shall read this Protective Order in advance of such disclosure and agree in writing to be bound by its terms, in accordance with Paragraph 10 of this Protective Order.

"ATTORNEYS' EYES ONLY" shall not be used for any purpose other than as is set forth in Paragraph 20 of this Protective Order unless and until such designation is removed either by agreement of Counsel or by order of the Court.

7. With respect to documents designated as including "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," any person indicated on the face of the document to be its originator, author, or recipient may be shown the documents. Additionally, any document designated as including "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be shown to any employee of the Designating Party and/or the party that produced in this litigation the document so designated during the deposition of that employee if it is reasonably probable that the employee would have access to or knowledge of the information contained in that document.

8. Prior to disclosing any material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to any expert, consultant or translator retained by the non-

Designating party, Counsel for the non-Designating Party shall obtain from any such expert, consultant or translator an executed sworn statement in the form of Attachment A, a copy of which shall be served upon Counsel for the Designating Party prior to disclosure of any such material to the expert, consultant or translator.  Disclosure of such information to any expert, consultant or translator shall not be deemed an act constituting a waiver of the confidentiality of the material disclosed.

The sworn statement will be served on all Counsel in a manner so that it is received by the Designating Party seven (7) days prior to disclosure.  At that time, Counsel for the non-Designating Party shall also serve upon all Counsel the following information in writing for any such expert, consultant or translator: (i) the person's full name, address and telephone number; (ii) the person's present occupation; (iii) the identity of all employers (name, address and telephone number) of that person for at least the past five (5) years and the dates of such employment; and (iv) a description of the nature of any relationship (purpose and length of relationship) that the person has or has had with any of the parties to this litigation.

The Designating Party shall have seven (7) days from the date of service in which to object to the disclosure of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to the expert, consultant or translator.  If objection is timely made, no "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be disclosed to said expert, consultant or translator unless otherwise agreed to by the parties or ordered by the Court.

9. In the event the producing party elects to produce documents and things for inspection rather than produce copies of documents, no marking need be made by the producing party in advance of the initial inspection.  Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents as may contain protected subject matter with the appropriate confidentiality marking at the time the copies are produced to the inspecting party.  Said marking shall not delay the production of the copies.  Information obtained by counsel from initial review of documents, whether in written form or not, shall be maintained as

"CONFIDENTIAL" unless such information is produced without a designation of confidentiality.

10. Whenever a deposition taken on behalf of any party involves a disclosure of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" of any party:

    a. Said deposition or portions thereof shall be designated as containing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" subject to the provisions of this Protective Order at the time the deposition is taken whenever possible; however, any party shall have until ten (10) days after receipt of the deposition transcript within which to designate in writing to the other party(ies) to the action those portions of the transcript designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," and the right to make such designation shall be waived unless made within the ten (10) day period;

    b. Any party shall have the right to exclude from attendance at said deposition, during such time as the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" is to be disclosed, every individual not entitled under the Protective Order to receipt of the information, excluding the deponent and the Court Reporter.

11. Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering legal advice to the attorney's party-client with respect to this action, and in the course thereof, relying upon an examination of "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY"; provided, however, that in rendering such legal advice and in otherwise communicating with the party-client, the attorney shall not disclose any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to anyone not authorized to receive such documents, things, materials or information pursuant to the terms of this Protective Order.

12. Any documents produced in discovery, answers to interrogatories, deposition transcripts, or other documents that are filed with the Court for any purpose and that

incorporate information that is designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be filed in compliance with Local Rule 79-5.

13. Nothing in this Protective Order, or the taking of any action in accordance with the provisions of this Protective Order, or the failure to object thereto, shall be construed as a waiver or admission of any claim or defense of this action. Moreover, the failure to designate information in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of documents or things, and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery. This Order shall not in any way limit what the producing party may do with its own documents or information.

14. In the event anyone shall violate or threaten to violate the terms of the Protective Order, the aggrieved party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Order, and in the event the aggrieved party shall do so, the respondent, subject to the provisions of this Order, shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law. The parties and any other person subject to the terms of this Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Order.

15. In the event that any party disagrees at any stage of these proceedings with the designation of any information as "CONFIDENTIAL" or as "ATTORNEYS' EYES ONLY," the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the confidentiality designation shall seek appropriate relief from the Court. Any motion seeking relief from the Court must comply with Local Rules 37-1 and 37-2, including the Joint Stipulation requirement.

16. Immediately after entry of final judgment, including appeals, or of dismissal in connection with this action, all documents and things or transcripts of depositions, together with all copies thereof, which have been designated as including "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be returned to the respective party by which it was produced within thirty (30) days of the entry of final judgment.

17. The termination of proceedings in this action shall not thereafter relieve any person to whom "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" was disclosed from the obligation of maintaining the confidentiality of such information in accordance with the provisions of this Protective Order.

18. The parties may by written stipulation provide for exceptions to this Protective Order and any party may seek an order of this Court modifying or interpreting this Protective Order. No stipulation amending this Protective Order will have the force or effect of a Court order absent the Court's written approval of it.

19. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality or relief from this Protective Order regarding matter designated as containing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

20. "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" subject to this Protective Order shall be used by the party(ies) to whom it is produced solely and exclusively for purposes of the above-captioned litigation. All persons to whom "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" are disclosed are hereby enjoined from using said information for any other purpose and are specifically enjoined from using said information for any other cases, proceedings, or disputes or for any commercial, business, competitive or other purpose whatsoever. Further, no person receiving or reviewing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall disclose it or its contents to any person other than as provided in this Protective Order and for the purposes specified.

21. If any party or other person authorized under this Protective Order to receive material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" receives a subpoena from a non-party to this Protective Order seeking production or other disclosure of such material, that party or person shall initially refuse to produce any such material and shall immediately give written notice to counsel for the party who produced such material identifying the material requested and enclosing a copy of the subpoena, thereby giving the producing party a reasonable opportunity to move to quash said subpoena. Notwithstanding the foregoing, a party or other person who receives a lawfully issued subpoena or other process seeking production or other disclosure of material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" must comply with that subpoena or process unless a court orders otherwise.

22. Each of the parties' employees is bound by the terms of this Protective Order.

23. Upon final termination of the action, including appeals, or of dismissal in connection with this action, and at the written request of the Designating Party, all documents and things or transcripts of depositions, together with all copies thereof, which have been designated as including "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be returned to the Designating Party (at the expense of the Designating Party) or in absence of a request, shall be destroyed by counsel for the non-designating party. . Upon request for the return of materials designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", non-designating counsel shall certify compliance with this provision and shall serve such certification to counsel for the Designating Party not more than ninety (90) days after the written request to return Designated Materials. If no request to return the Designated Materials is made, then counsel for the non-designating party shall destroy all Designated Materials that he/she did not produce within one hundred and fifty (150) days after final judgment. Notwithstanding the provisions for return or destruction of materials designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", each Counsel may retain its internal files of pleadings, correspondence, work product, and depositions that cite, refer to, or otherwise attach the Designated Materials , for archival purposes only

(which shall not be shared with Counsel's non-producing client or any non-producing third party, for any reason). The continuing nature of the obligations in this provision shall not apply to the Court or its personnel.

24. The termination of proceedings in this action shall not thereafter relieve any person to whom "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" was disclosed from the obligation of maintaining the confidentiality of such information in accordance with the provisions of this Protective Order. The continuing nature of the obligations in this provision shall not apply to the Court or its personnel.

IT IS SO ORDERED.

Dated:  June 20, 2013

By: _____
Hon. Jean P. Rosenbluth

## STIPULATION

IT IS HEREBY STIPULATED by and among the parties, through their respective counsel, this Honorable Court consenting, that the foregoing Stipulated Protective Order may be entered in this action.

Dated:  June 6, 2013

**ONE LLP**
By:   /s/ *Imran F. Vakil*
Imran F. Vakil
Christopher W. Arledge
Peter R. Afrasiabi
*Attorneys for Plaintiff, The Next Solutions, Inc. d/b/a The Next Up and TheNextUp.com*

Dated:  June 6, 2013

**TINGLEY PIONTKOWSKI LLP**
By:    /s/ *Kevin W. Isaacson*
Kevin W. Isaacson
*Attorneys for Defendant Prosoftware Technologies, LLC, Jatinder "Jay" Khaira, and Qazafi "Kaz" Qureshi*

**ATTACHMENT A**

I, _____ hereby certify that I have read and am fully familiar with the terms of the Protective Order entered in *The Next Solutions Inc v. Prosoftware Technologies LLC et al*, Case No. SACV12-02147 BRO (JPR), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court.

I acknowledge that I am about to receive Confidential Information and/or Attorneys' Eyes Only Information in said action and certify my understanding that such Information is being provided to me pursuant to the terms and restrictions of the Protective Order. I understand that such Information, and any copies I make of any documentary material containing Confidential Information and/or Attorneys' Eyes Only Information, or any notes or other records that may be made regarding any such information, shall not be disclosed to others, except other persons that are identified in and have agreed to comply with and be bound by the terms of the Protective Order. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated this ____ day of _____, 201__.